UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Flagstar Bank, FSB,

    Plaintiff,

v.

A-1 Mortgage Services, Inc.,

    Defendant.

_____/

Case No. 10-11219

Hon. Sean F. Cox

## OPINION & ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

### INTRODUCTION

Plaintiff Flagstar Bank, FSB ("Flagstar") filed this action against Defendant A-1 Mortgage Service, Inc. ("A-1") for breach of contract and negligent misrepresentation. The matter is before the Court on Defendant's Motion to Dismiss or Transfer Venue (Doc. No. 6). The parties have briefed the issues, and they presented oral argument on June 17, 2010. For the following reasons, the Court shall DENY Defendant's motion.

### BACKGROUND

On April 5, 2004, Flagstar, a federally chartered bank headquartered in Troy, Michigan, entered into a Wholesale Lending Broker Agreement ("Broker Agreement") with A-1, a Florida corporation located in Brandon, Florida. Under the Broker Agreement, A-1 would submit prospective mortgage loan packages to Flagstar for consideration and possible approval and funding.

1

According to Flagstar, the Broker Agreement provided that A-1 would warrant that all of the mortgage loans complied with Flagstar's terms and conditions. It also included an indemnification provision whereby A-1 would indemnify Flagstar for any loss which arose from A-1's breach of the Broker Agreement.

The Broker Agreement also contained a forum selection clause. Section 7.3 of the Broker Agreement, titled "Governing Law" stated:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan and any applicable federal laws. Each of the parties irrevocably submits to personal jurisdiction in the state court located in Oakland County, Michigan, or the United States District Court for the Eastern District of Michigan over any action, suit, or proceeding to enforce or defend any right under this Agreement or otherwise arising from any transaction existing in connection with this Agreement . . . .

(Pl.'s Ex. 1.)

Flagstar alleges that from May 2004 to October 2007, A-1 Mortgage submitted 218 mortgage loan packages. Two of the packages were for properties in Michigan, and several others were for properties in other states.

In submitting these mortgage packages to Flagstar, A-1 asserts that it exclusively dealt with a representative at Flagtar's regional office in Florida.

Of the 218 mortgage packages, Flagstar approved and funded 54 mortgages. One of which, was a mortgage for $132,000 to Gabriel Harry for a property located in Atlanta, Georgia.

Flagstar claims that on June 7, 2007, it disbursed the funds for the Gabriel Harry mortgage. Sometime later, it sold the mortgage to Fannie Mae on the secondary mortgage market.

Flagstar alleges that upon purchasing the Gabriel Harry mortgage, Fannie Mae

2

investigated it and found "clear evidence of fraud and misrepresentation" underlying the origination of the mortgage.

Flagstar re-purchased the mortgage from Fannie Mae.

Based on Fannie Mae's investigation, Flagstar alleges (1) that the home appraiser fraudulently inflated the value of the property; (2) that the prior mortgage was not paid off; and (3) that the borrower, Gabriel Harry, never resided at the property.

On February 17, 2010, Flagstar initiated this action against A-1 in Oakland County Circuit Court seeking to recover its loss—$138,850.79 plus interest, attorney fees, and costs.

On March 26, 2010, A-1 removed the case to this Court based on diversity of citizenship.

On April 1, 2010, A-1 filed this motion to dismiss or transfer venue.

## ANALYSIS

I.  Should the Court dismiss the complaint for lack of personal jurisdiction?

Defendant has brought a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). When deciding such motions before trial, a federal district court may "determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

When a court rules on the motion without conducting an evidentiary hearing, "the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction. Furthermore, a court does not weigh the controverting assertions of the party seeking dismissal." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citing *CompuServe, Inc. v.*

*Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).

The Sixth Circuit has noted, "The requirement that a court have personal jurisdiction over a party is a waivable right . . . . The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital, Inc. v. Associate in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).

    A.    <u>Is the forum selection clause unenforceable?</u>

A-1 asserts that the forum selection clause of the Broker Agreement is unenforceable. Flagstar maintains that the clause is valid and enforceable.

In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991) the Supreme Court held that forum selection clauses "should control absent a strong showing that [they] should be set aside." *Id.* The Sixth Circuit has provided a three-factor test to determine whether a forum selection clause is enforceable:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Wong v. PartyGaming Ltd.*, 589 F. 3d 821, 828 (6th Cir. 2009). Additionally, "[t]he party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id*.

    1.    <u>Was the clause was obtained by fraud, duress, or other unconscionable means?</u>

A-1 claims that the forum selection clause is unconscionable. A-1 alleged that Flagstar did not fully disclose the clause, that A-1 did not have the opportunity to negotiate the clause, and that the clause was "buried" on page 10 of the 12-page Broker Agreement. (Def.'s Br. at 3.)

4

Defendant also asserts, "It was not readily apparent that Flagstar considered Michigan to be its headquarters, or that [A-1] would have to defend a lawsuit in Michigan." (Def.'s Reply at 2.) Flagstar counters that even if such allegations are true, they are insufficient to make the forum selection clause void or unconscionable. (Pl.'s Response at 8.)

In examining whether the clause was obtained by fraud, duress, or other unconscionable means, the Sixth Circuit has stated that "the party opposing the clause must show fraud in the inclusion of the clause itself." *Wong*, 589 F.3d at 828. "General claims of fraud do not suffice to invalidate the . . . clause. *Id.*

A-1 has not alleged a specific claim of fraud regarding the inclusion of the forum selection clause. Accordingly, the Court finds that A-1 has not satisfied the first factor.

        2.    <u>Would the designated forum ineffectively or unfairly handle the suit?</u>

A-1 has not claimed that the designated forum—this Court—would ineffectively or unfairly handle the suit. In light of this, A-1 has not satisfied the second factor.

        3.    <u>Would the designated forum be so seriously inconvenient such that enforcement of the clause would be unjust?</u>

A-1 argues that "litigating this case in Michigan is inconvenient, unduly burdensome, and a waste of financial resources." (Def.'s Reply at 2.) Flagstar contends that inconvenience alone is insufficient to satisfy the third factor. (Pl.'s Response at 8)

To meet the third factor, the party opposing the clause must "show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 829.

A-1 states that it is a one-man operation in Florida and it does not have employees who can attend to matters in Michigan. In *Wong*, however, the court upheld a forum selection clause

even though the party challenging the clause was "not a sophisticated business entity." *See id.* at 830. In *Wong*, the forum selection clause designated the British territory of Gibraltar as the forum. The party challenging the clause was a group of on-line poker players. A-1 is not unjustly inconvenienced when compared to the party in *Wong*.

The Court finds that A-1 has not satisfied the third factor, because enforcement of the forum selection clause would not be unjust or unreasonable.

A-1 has not satisfied any of the three factors. Accordingly, the Court finds that the forum selection clause is enforceable and that A-1 has consented to personal jurisdiction. *See Preferred Capital*, 453 F.3d at 721.

B. Does the Court has jurisdiction over Flagstar's tort claims?

In their brief, A-1 argues that Flagstar's claim for negligent misrepresentation (count II) is not encompassed by the forum selection clause. (Def.'s Br. at 4.) During oral argument, however, A-1 conceded that the forum selection clause does encompass Flagstar's negligent misrepresentation claim.

As noted above the forum selection clause states:

> Each of the party irrevocably submits to personal jurisdiction in . . . the United States District Court for the Eastern District of Michigan over any action, suit, or proceeding to enforce or defend any right under the Agreement or *otherwise arising from any transaction existing in connection with this Agreement*.

(Pl.'s Ex. 1. at § 7.3.) (emphasis added).

Because A-1 has conceded this issue, the Court finds that the forum selection clause does encompass Flagstar's tort claim. Accordingly, the Court shall deny A-1's motion to dismiss for lack of personal jurisdiction.

6

II.     Should the Court transfer the case?

A-1 alternatively asks the Court to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Flagstar opposes transferring the case.

Section 1404(a) states: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

When determining whether to transfer venue in cases which involve a forum selection clause, the Supreme Court has stated that the forum selection clause should not receive "dispositive consideration nor no consideration, but rather the consideration for which Congress provided in § 1404(a)." *Stewart Organization, Inc. v. Ricoh*, 487 U.S. 22, 31 (1988).

In *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991), the Sixth Circuit stated that the forum selection clause "is a significant factor that should figure *centrally* into [a district court's] calculus," but a district court should also consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice." *Id.* (emphasis added).

A-1 argues that Florida is a more convenient forum for this action than Michigan. A-1 notes that its offices are located in Florida, the A-1 officer who handled the mortgage package lives in Florida, and the Flagstar representative who handled the initial mortgage package lives in Florida. A-1 further notes that the appraiser and borrower live in Georgia, which is a closer distance to Florida. A-1 maintains that the majority of discovery would take place in Florida, and the parties would incur significant travel expenses if the case remained in Michigan.

7

Furthermore, A-1 asserts that Florida has a greater interest in the case than Michigan, because the alleged breach and negligence occurred in Florida.

Flagstar counters that all of its witnesses are in Michigan, except for the appraiser in Georgia, and its records are in Michigan. Flagstar chose to file its complaint in Michigan, and crucially, the forum selection clause demonstrates that Flagstar expected and intended the case to be litigated in Michigan.

Based on all of these factors, the Court finds that Michigan is a more convenient forum than Florida. Accordingly, the Court shall DENY A-1's motion to transfer venue.

## CONCLUSION

For the reasons stated above, the Court DENIES A-1's motion to dismiss for lack of personal jurisdiction and DENIES A-1's motion to transfer venue to the Middle District of Florida.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: June 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2010, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager