UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Flagstar Bank, FSB,

        Plaintiff,

v.

A-1 Mortgage Services, Inc.,

        Defendant.

_____/

Case No. 10-11219

Hon. Sean F. Cox

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

        This matter is currently before the Court on Plaintiff's Motion for Entry of Default Judgment.  For the reasons set forth below, the Court shall GRANT the motion.

BACKGROUND

        Plaintiff Flagstar Bank, FSB ("Plaintiff" or "Flagstar") filed this action against Defendant A-1 Mortgage Service, Inc. ("Defendant" or "A-1") in state court.  On March 26, 2010, the action was removed to this Court.  Plaintiff's complaint contains the following two counts: 1) breach of contract (Count I); and 2) negligent misrepresentation (Count II).  Both counts arise out of an alleged written contract between the parties, the "written Broker Agreement."  (Compl. at 2).

        Plaintiff's complaint alleges that on or about April 5, 2004, the parties entered into the written Broker Agreement and that, under the agreement, Defendant would submit prospective loan packages to Plaintiff for consideration and possible approval and funding.  (*Id*. at ¶ 8).

Plaintiff "agreed to purchase from A-1 Mortgage only those mortgage loans that complied with the terms and conditions of the Broker Agreement, and A-1 Mortgage warranted that all mortgage loans it offered for sale to Flagstar would comply with those terms and conditions." (*Id.* at ¶ 9). "The Broker Agreement (at § 5.1) provides that '[A-1 Mortgage] agrees that upon written request [A-1 Mortgage] shall immediately repurchase, at the Repurchase Price, any Mortgage Loan sold to Flagstar pursuant to this Agreement'" for various specified reasons, including evidence of fraud in the origination or if Flagstar is required to repurchase the loan from Fannie Mae. (Compl. at ¶ 15). "The Broker Agreement provides that A-1 Mortgage's Repurchase Price 'shall be as follows: (a) the unpaid principal balance of the loan; (b) plus all accrued but unpaid interest due Flagstar on the date of repurchase;(c) plus all expenses, including reasonable attorney fees incurred by Flagstar in enforcing [A-1 Mortgage]'s obligation to repurchase such Mortgage Loan; (d) plus premiums paid to [A-1 Mortgage] for purchase of Mortgage Loan.'" (Compl. at ¶ 16). Plaintiff alleges that Defendant breached its representations and warranties to Plaintiff regarding the Gabriel Harry Mortgage Loan Transaction and that it was required to repurchase the loan from Fannie Mae. Plaintiff alleges that, under the Broker Agreement, Defendant is required to repurchase the loan from Plaintiff and reimburse Plaintiff for its losses associated with that loan. (Compl. at ¶¶ 29-40). Plaintiff's complaint seeks damages of "at least $138,850.79, plus interest, plus Flagstar's attorneys fees and costs." (Compl. at ¶ 40).

Defendant is a corporation and it was originally represented in this action by counsel, attorney Kevin Plagens. On July 15, 2010, however, Defense Counsel filed a motion to withdraw, stating that Andrew Alfonso is the president and sole employee of A-1, and that he

requested Plagens to withdraw because of financial hardship. (Docket Entry No. 11). On September 21, 2010, the Court held a hearing on the motion. The Court permitted Andrew Alfonso to appear telephonically. At the hearing, Mr. Alfonso requested 60 days to obtain new counsel or to settle the case.

In an Order entered on September 22, 2010, this Court granted Defense Counsel's Motion to Withdraw as Attorney of Record. (Docket Entry No. 15). That Order stated as follows:

> Only attorneys may represent corporations in federal court. *See* 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *Specialty Vehicle Acquisition Corp. v. American Sunroof Corp.*, 2008 WL 344546 at *1 (E.D. Mich. Feb. 07, 2008). Accordingly, the Court shall GRANT defense counsel's motion to withdraw, and shall ORDER that A-1 must obtain new counsel prior to November 16, 2010, on which date the Court will hold a status conference on this matter. Further, A-1's counsel **MUST APPEAR at the November 16, 2010, status conference, or a default will be entered.**

(Docket Entry No. 15) (emphasis in original).

On November 15, 2010, Mr. Alfonso filed a motion on behalf of Defendant, asking that Defendant be given an additional 30 days to obtain counsel. (Docket Entry No. 19). This Court granted that request in an Order entered on November 17, 2010. (Docket Entry No. 20). That Order expressly cautioned Defendant that a default would be entered against it if it did not have an attorney appear on its behalf at a status conference on December 8, 2010:

> IT IS ORDERED that the motion is GRANTED. The November 16, 2010 status conference is adjourned to **December 8, 2010 at 2:30 p.m.** Defendant A-1's counsel **MUST APPEAR at the December 8, 2010 conference, or a default will be entered**. The Court will not grant any additional requests for adjournment in this matter.

(*Id.*) (emphasis in original).

Nevertheless, no attorney entered an appearance on behalf of Defendant. On December

8, 2010, Plaintiff's Counsel appeared as ordered for the status conference. No attorney appeared on behalf of Defendant. Accordingly, on December 9, 2010, this Court entered a default against Defendant. (Docket Entry No. 21).

On December 10, 2010, Plaintiff filed the instant Motion for Default Judgment. (Docket Entry No. 22). On December 29, 2010, this Court noticed the motion to be heard on January 20, 2011. (Docket Entry No. 23). Although Plaintiff's Counsel appeared at the January 20, 2011 hearing, no one appeared on behalf of Defendant.

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party for failure to plead or otherwise defend the claim. Here, this Court entered a default against Defendant on December 9, 2010. Thus, Defendant is deemed to have admitted all of the well pleaded allegations in the complaint and Defendant's liability is established.

In order to obtain a default judgment, the proponent must seek entry of a default judgment from the clerk or by the Court. FED. R. CIV. P. 55(b). Here, Plaintiff's damages are unliquidated and thus Plaintiff applied to this Court for entry of a default judgment against Defendant. Where damages are unliquidated, a default admits only defendant's liability and the amount of damages must be proved. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, this Court must make an appropriate inquiry into in order to ascertain the amount of damages. *Vesligaj v. Peterson*, 331 Fed.Appx. 351, 355 (6th Cir. 2009).

Rule 54 of the Federal Rules of Civil Procedure provides that a "judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FED. R. CIV. P. 54(c).

Here, Plaintiff seeks a default judgment in its favor and against Defendant for the following amounts: 1) $138,250.79, for the amount that Plaintiff paid Fannie Mae to repurchase the Gabriel Harry Mortgage Loan; 2) interest of $11,286.38 as of December 10, 2010, calculated at 7.25% per annum over 411 days; and 3) attorneys fees of $9,856.43 incurred in this action. Plaintiff's complaint alleged damages in the amount of $138,850.79, plus interest, costs and attorneys' fees under the contract. Thus, Plaintiff is not seeking damages that are different in kind than those asserted in its complaint.

In support of its motion, Plaintiff submitted the following to the Court, along with its Motion: 1) an affidavit from Flagstar representative April D. Schmitz; 2) loss reimbursement documents; 3) the underlying mortgage note at issue, with an interest rate of 7.25%; and 4) an affidavit from Plaintiff's counsel regarding the attorney fees incurred in this action. Having reviewed the materials submitted, the Court finds that Plaintiff has established that it is entitled to damages sought.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Plaintiff's Motion for Default Judgment is GRANTED. A default judgment consistent with this Opinion & Order shall be entered.

IT IS SO ORDERED.

               S/Sean F. Cox
               Sean F. Cox
               United States District Judge

Dated: January 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2011, by electronic and/or ordinary mail.

               S/Jennifer Hernandez
               Case Manager